# Morgan *versus* Negley.

1. Morgan sold to Negley coal, with privilege to change a railroad on Morgan's land. Negley commenced the road, but at Morgan's suit was restrained by an injunction which was afterwards dissolved. Negley, without constructing the road, sold to another and brought suit on the injunction bond. *Held*, that the difference between the cost of constructing the road when the injunction was laid and when it was dissolved, was speculative and consequential, and improperly submitted to the jury.

2. Had the property continued in the hands of Negley and he had finished the road at an increased cost, it would have been a proper subject for damages.

ERROR to the Court of Common Pleas of *Allegheny county*.

This was an action of debt, to March Term 1863, by Felix C. Negley against James B. Morgan, on an injunction bond in the penal sum of $2500.

Morgan sold to Negley " certain coal, with incline and rail-

[Morgan *v.* Negley.]

road." The agreement of sale authorized the shifting of " the incline and railroad," in pursuance of which, Negley commenced to build a railroad upon the surface of Morgan's land. Morgan, denying that the agreement gave the right so to build, filed a bill to restrain Negley, and the court awarded a preliminary injunction, upon Morgan entering into bond in the penal sum of $2500. The injunction was served January 11th 1861. On final hearing, the court dismissed the bill, and the decree was affirmed in the Supreme Court January 5th 1863.

After the dissolution of the injunction, Negley took no steps towards building the road ; and, in March 1863, sold his purchase to Dickson & Co., who constructed a road on a new plan, with a different route and grade. Negley having brought suit on his injunction bond, on the trial, before Sterrett, P. J., the plaintiff, under objection, was permitted to prove the difference between the cost of building the railroad when the injunction was laid and when it was dissolved. The defendant submitted this point, " As it appears from the evidence that the plaintiff never constructed his proposed railroad, and that no road upon the plaintiff's plan has been built, the jury in their assessment of plaintiff's damages are not to include the supposed difference, to wit, $500 between the cost of such road in the winter of 1861 and the cost of such road after the injunction was raised."

On this point the court charged : " As to the second point, you have the testimony of John Dickson, who testifies in substance that * * it would cost $500 more to construct the road immediately after the injunction was dissolved than it would have done to construct it when the plaintiff was stopped by the injunction. And, in order that we may distinguish between the items of damage hereafter, if deemed necessary, we request you to add to your general verdict the amount which you may find under this second head, viz., the difference between the cost of constructing the road after the injunction was dissolved, say in October 1862, and the cost when the plaintiff was stopped in January 1861."

The verdict was for the plaintiff for " $2347.16, which sum includes $500, which we find as the difference between the cost of constructing the road immediately after the injunction was dissolved and the cost of constructing when the plaintiff was enjoined." Judgment was entered on the verdict for $2347.16 ; and Morgan took a writ of error, assigning for error the admission of the evidence and the part of the charge above given, besides other assignments of error, which were not considered by the Supreme Court.

*Hamilton & Achison*, for plaintiff in error.

*Marshall & Brown*, and *A. M. Watson*, for defendant in error, cited Hoy *v.* Gronoble, 10 Casey 9.

[Morgan v. Negley.]

The opinion of the court was delivered, November 2d 1865, by

THOMPSON, J.—The learned judge in the court below properly referred the jury to the condition of the injunction laid, for a breach of which the suit being tried was brought, and charged that it bound the defendant to pay all such damages as might have been sustained by the plaintiff, by reason of the injunction granted. That was a correct chart to go by. But in the practical operation of ascertaining what these damages actually were, we think there was error in one particular. We agree that the difference between what it cost to take out and run over the old road, coal mined, after the new road might have been completed had it not been for the injunction and the time when it ceased to operate, was a proper standard of damages, and so might any other injury to the plaintiff, the direct consequence of the injunction, have been included. There is no dispute about this. But we think the specific item of damages of $500 predicated of the testimony of John Dickson, of the firm of Dickson, Stuart & Co., permitted to be considered by the jury, was an error, both in the admission of the testimony and in the charge upon it. These damages were not direct, but speculative and consequential, and, as such, were not covered by the bond, and not in contemplation of the parties stipulating. What were the damages? To answer this, we refer to the facts. It appears that the plaintiff did not incur any additional expense in constructing the new road by reason of the increase of prices, for he did no work at all after the injunction fell. He sold the entire property and works, and the purchasers finished the road begun, but only partly constructed according to the plan of the plaintiff, at their own expense. Now it was not shown that they would have given in their purchase the difference between what it would have cost when they bought, and what it could have been done for at or shortly after the injunction laid, nor that they would have given any more for the property, the road being finished as the plaintiff proposed doing, and what they did give. There is no better ground for the claim on this footing, in view of the testimony, than a *peradventure*, that they might have done so. If the property had remained in the hands of the plaintiff, and he had finished the road at an increased cost, owing to the general advance in the expense of materials and labor, it undoubtedly would have been a matter for which he might properly have claimed damages. It would then have been clearly within the condition of the bond. But that would be a different thing from this claim. This is a claim, not for what the plaintiff's property had been depreciated or injured, but for what it is supposed he might have gotten for it if he had finished the road, to wit, the increased cost of construction, when he sold, over what the actual cost would have been if he had not been stopped; in

other words, the profit on the work.   But it was not shown, as already said, that this circumstance lessened the selling price of his land, or would have increased it; and, as such damage was not the necessary result of the facts, it could not be inferred. We think, therefore, on these grounds the court erred in allowing it.   But we do not deem it necessary to send this case back for re-trial; the finding of the jury being special as to the item of $500 and judgment afterwards entered including it, we will reverse the judgment, with direction to the court below to enter judgment less this amount.

Judgment reversed, and judgment to be entered below in accordance with the foregoing.